I believe that the trial court erred in denying Alfa's motion for a judgment withstanding the verdict, because I conclude *Page 1236 
that Payton's claims were barred by the statute of limitations. Therefore, I must respectfully dissent.
In Alabama, all claims alleging fraud are subject to a two-year statute of limitations. § 6-2-38, Ala. Code 1975. A fraud cause of action accrues upon the discovery of the fraud. §6-2-3, Ala. Code 1975. The Supreme Court of Alabama has held: "Fraud is `discovered' when it ought to or should have been discovered. Thus, the time of `discovery' is the time at which the party actually discovered the fraud, or had facts that, upon closerexamination, would have led to the discovery of the fraud."Stafford v. Mississippi Valley Title Ins. Co., 569 So.2d 720, 724
(Ala. 1990). Fraud is deemed to be discovered, as a matter of law, at the time the party receives documents that would put him or her on such notice that would lead to the discovery of the fraud.Gray v. Liberty Nat'l Life Ins Co., 623 So.2d 1156 (Ala. 1993).
It is undisputed that Payton signed the insurance contract and that she knows how to read. Payton received a copy of the insurance contract approximately one month after she signed it, and she renewed the policy twice. Gordon Ward, the Alfa agent who sold the policy to Payton, testified that he reviewed the policy with her when she applied for the insurance. Payton testified that Ward talked to her about "something" and that it was "probably" about the insurance. Payton acknowledges that she signed a document entitled "Application for Fire Insurance." When asked whether she read or noticed the title of the document, Payton replied, "I don't know that I paid any attention."
Payton saw the insurance application at the time she signed it in Ward's office in 1991. One month later, she received a copy of the policy itself. Payton had in her possession documents that upon any examination would have revealed the fraud that she now alleges. I believe that, as a matter of law, Payton discovered, or at least should have discovered, the alleged fraud upon receiving the insurance contract in 1991. Because Payton did not file this action until 1995, her fraud claims are barred by the statute of limitations.
Assuming, arguendo, that Payton's claims are not time-barred, I also believe that the trial court erred on another ground in not granting Alfa's motion for a judgment notwithstanding the verdict. I believe that, as a matter of law, Payton failed to establish all of the elements of her fraud claims against Alfa. Rule 9(b), Ala. R. Civ. P., requires a plaintiff to allege fraud and the circumstances constituting fraud with particularity. In its pre-trial order, the trial court summarized the particular nature of Payton's allegations of fraud.
One allegation of fraud made by Payton was that Alfa, through its agent Ward, fraudulently misrepresented to Payton that she was purchasing homeowner's insurance. The evidence presented by Payton at trial does not support this allegation. Payton testified that she could not recall what type of insurance Ward said he was selling her. More importantly, Payton testified that she did not think Ward had made any false statements to her. Thus, Payton's own testimony defeats the element of a misrepresentation of a material fact in her claim alleging fraudulent misrepresentation.
Payton also alleged fraud by suppression, specifically that Ward suppressed the fact that she was purchasing insurance for less than complete coverage. However, Payton testified repeatedly that she "did not recall" what Ward said to her when she applied for the insurance policy. She testified that he talked about something and that she assumed it was about the insurance or the policy. Payton testified that Ward went over the policy, but that she did not pay attention. Payton also testified that she did not understand what Ward told her, but she did not ask him questions about the insurance. Thus, Payton presented no evidence that Ward suppressed any fact from her. *Page 1237 
I also believe that the trial court erred in refusing to grant Alfa's motion for a judgment notwithstanding the verdict on the punitive damages issue. Payton's testimony reveals her great confusion and almost total lack of recall concerning her conversation with Ward that took place when she applied to purchase the insurance. Her testimony in no way rises to the "clear and convincing" level of evidence of fraud that is required to support an award of punitive damages. See §6-11-20(b)(4), Ala. Code 1975. In its order granting a new trial, the trial court itself acknowledged that, "based on the evidence in this case," it had erred in not granting Alfa's motion for a directed verdict on the issue of punitive damages.
Because I believe Alfa was entitled to a judgment notwithstanding the verdict, I dissent.